UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC., Plaintiff, v. THE TOWN OF JOHNSTON, THE ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON, ANTHONY PILOZZI, JOSEPH ANZELONE, ANTHONY VERARDO, KENNETH AURECCHIA, ERNEST ACCIARDO in their capacities as members of the Johnston Zoning Board of Review Defendants. | Civil Action No. CA 06 140 S |

**COMPLAINT**

This action arises out of the unlawful denial by the Town of Johnston Zoning Board of Review ("Zoning Board") of an application, submitted pursuant to the Town of Johnston Zoning Ordinance ("Zoning Ordinance") by Omnipoint Holdings, Inc. ("Omnipoint") for a dimensional variance and a use variance to construct, install, operate and maintain a wireless telecommunications service facility on property located at 316 Greenville Avenue, Johnston, RI ("the Property"). This denial violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c). As a result, Omnipoint seeks an injunction from this Court directing the Zoning Board to grant Omnipoint's application for a use variance and a dimensional variance with respect to the proposed wireless telecommunications service facility.

## PARTIES

1. Plaintiff, Omnipoint, is a Delaware corporation with a principal place of business at 50 Vision Boulevard, East Providence, Rhode Island. Omnipoint is a leader in commercial wireless Personal Communication Services ("PCS") throughout the United States. Omnipoint successfully bid upon and received a PCS wireless broadcast license from the Federal Communications Commission ("FCC") for a region that encompasses the Town of Johnston.

2. Defendant, the Town of Johnston, (the "Town"), is a duly authorized municipality constituted and existing under the laws of the State of Rhode Island.

3. Defendant, the Zoning Board, is a duly authorized unit of the Town that has been delegated the authority, among other things, to grant variances under the Zoning Ordinance. A true and accurate copy of the Zoning Ordinance is attached hereto as Exhibit A.

4. Defendants, Anthony Pilozzi, Joseph Anzelone, Anthony Verardo, Kenneth Aurecchia and Ernest Acciardo are each residents of the Town and together served as the Zoning Board that denied the application for the variances at issue in this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically § 704 of the Federal Telecommunications Act of 1996.

6. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1343(a), as this is an action to redress the deprivation, under color of law, of rights and privileges secured by the laws and Constitution of the United States.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b), since the defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

**The Personal Communications Service Technology**

8. Omnipoint is a communications venture committed to providing integrated wireless personal communications services by building a national wireless network using PCS technology. PCS technology is a new generation of wireless service that uses digital transmission to improve the services available to consumers.

9. Unlike cellular services using analog-based systems, PCS digital technology converts voice or data signals into a stream of digits to allow a single radio channel to carry multiple simultaneous signal transmissions. This allows Omnipoint to offer services often unavailable in analog-based systems, such as secured transmissions and enhanced voice signals, high-speed data, paging and imaging capabilities as well as voice mail, call forwarding and call waiting.

10. Mobile telephones using PCS technology operate by transmitting a radio signal to antennas mounted on a tower, pole, building, or other structure. The antenna feeds the signal to electronic devices housed in a small equipment cabinet, or base station. The base station is connected by microwave, fiber optic cable, or ordinary telephone wire to the Base Station Controller, subsequently routing the calls throughout the world.

11. Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited.

12. In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that Omnipoint is unable to construct a cell site within a specific geographic area, Omnipoint will not be able to provide service to the consumers within that area.

13. Omnipoint's engineers use complex computer programs and extensive field testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cells and other factors. In order for the entire system to be operational, there must be properly placed cell sites installed and functioning so that seamless coverage can be realized, and only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a given area, there would be no PCS telephone service for customers within that area, and mobile customers who travel into the area will experience blocked calls, in which callers experience an abrupt and complete loss of signal.

14. As utilization of Omnipoint's PCS system by its customers increases beyond an optimal level in any given geographic area, Omnipoint must install additional facilities to meet the increased call traffic requirements of its customers. Without increasing the capacity of its equipment, Omnipoint will experience an unacceptable level of blocked calls.

15. Based upon Omnipoint's research and analysis and as part of an extensive review of call traffic in the targeted area of Johnston area, Omnipoint determined that, in order to avoid deficiencies in its services to its customers, including blocked calls, it needed to install a wireless communications facility consisting of a one hundred twenty foot (120') monopole antenna support structure, nine antennas at a height of one hundred seventeen feet center line of its

antennas, cables, and three equipment cabinets, which would be located within an approximately two hundred twenty five square foot equipment compound located at the base of the monopole.

**Federal Statutory Control Over PCS Siting**

16. Section 704 of the Federal Telecommunications Act of 1996 (the "Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the siting of PCS facilities such as the one at issue here.

17. The Act further provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) of the Act may seek expedited review in the federal courts. 47 U.S.C. § 332(c)(7)(B)(v).

**The Request for Use and Dimensional Variances**

18. On or about August 15, 2005, Omnipoint, as a co-applicant with New Cingular Wireless PCS, LLC ("Cingular") applied for a use variance from Article III, Section D, Table III, D-1, subsection 5 of the Zoning Ordinance, subject to the standards of Rhode Island General Laws Chapter 45-24, Section 45-24-41(c), Article VI, Section D of the Ordinance, and Article III Section O (1), (2) and (3), as the communications tower which Cingular and Omnipoint sought to construct is not allowed within the Zoning District in which the Property is located.

19. Additionally, Omnipoint and Cingular applied for a dimensional variance from Article III Section F, Table III F-1 of the Zoning Ordinance, subject to the standards of Rhode Island General Laws Chapter 45-24, Section 45-24-41(c) and Article III Section O (1), (2) and (3), as the communications tower which Cingular and Omnipoint sought to construct exceeds the height limitations for the Zoning District in which the Property is located.

20. Omnipoint's application met all criteria specified by the Zoning Ordinance and Rhode Island law for obtaining the variances it requested.

21. The Zoning Board held two public meetings on Omnipoint's application for the variances it sought. The first was held on October 27, 2005 and the second was held on January 26, 2006.

22. At the public hearings, approximately ten abutters raised concerns about Omnipoint's application. Primarily, they expressed their concern regarding health effects from radio frequency emissions. Additionally, they raised concerns about the aesthetic appearance of the communications tower.

24. Omnipoint presented evidence at the hearings that the location of the Property was uniquely suited to meet its need to provide service to its customers; that it would suffer substantial hardship if the provisions of the Zoning Ordinance were interpreted to preclude the proposed use of the Property and/or if the height variance were denied; and, that the granting of the proposed variances would not alter the general character of the surrounding area. Additionally, Omnipoint presented evidence that no other sites could provide the telecommunications service mandated by Omnipoint's FCC telecommunications license.

25. After its hearing on January 26, the Zoning Board voted, 5-0, to deny the variance applications of Cingular and Omnipoint.

26. The Zoning Board's decision was filed with the Town Clerk's Office on February 27, 2006. A true and accurate copy of the Zoning Board's decision is appended hereto as Exhibit B.

27. The Zoning Board decision did not address a single reason why Omnipoint's application failed to meet the criteria for granting the variances, as specified either in the Zoning Ordinance or under state law. Instead, it enumerated reasons why Omnipoint should not be granted a special use permit, a form of zoning relief for which Omnipoint had not applied nor was required to apply.

**COUNT I - Violation of the Telecommunications Act of 1996**

28. Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Article VI, Clause 2, of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof... shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

30. The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities and, under the Supremacy Clause, preempts state laws and municipal ordinances or by-laws affecting such facilities to the extent that such laws, ordinances, and by-laws conflict with the Act.

31. Omnipoint's application, seeking use and dimensional variances constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, is entitled to the protection of the Act.

32. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii): "Any decision by a State of local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

33. Omnipoint's proposed use and dimensional variances fulfilled all criteria required by the Zoning Ordinance in order to receive such zoning relief.

34. It is the defendants' burden to produce substantial evidence supporting its denial of Omnipoint's application. The Zoning Board's decision violates the Act in that it is not "supported by substantial evidence contained in a written record." 47 U.S.C. § 332 (c)(7)(B)(iii).

35. Accordingly, the Zoning Board's decision violated the Act's prohibition on state or local governments denying the placement, construction and modification of personal wireless service facilities without substantial evidence and a written record. 47 U.S.C. § 332(c)(7)(B)(iii).

36. Accordingly, the Zoning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis.

37. Further, the Court should exercise its power to issue an order commanding the Zoning Board to grant the variances for which Omnipoint applied.

38 Pursuant to 47 U.S.C. § 332(c)(7)(B)(iv): "[n]o State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions."

39. Omnipoint's proposed site complies with all state and FCC regulations concerning radio frequency emissions.

40. The Zoning Board's decision violated the Act's prohibition on state or local governments regulating the placement, construction and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions. 47 U.S.C. § 332(c)(7)(B)(iv). Further, it violated the federal prohibition on state or local governments regulating federal radio frequency interference. 47 U.S.C. § 151 et seq.

41. Pursuant to 47 U.S.C. § 332(c)(7)(B), the "regulation of the placement, construction and modification of personal wireless service facilities by any State or local

government or instrumentality thereof ...(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services".

41. Omnipoint has established that the denial of its request for variances would result in a significant gap in its provision of wireless communication services to its customers, and that there are no alternative sites within the affected area on or from which it may otherwise fill its coverage gap.

42. Consequently, the Zoning Board's denial of Omnipoint's application for use and dimensional variances violated the Act's requirement that state or local governments not prohibit or effectively prohibit the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(II).

43. Accordingly, the Zoning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, the Court should exercise its power to issue an order commanding the Zoning Board to grant the variances for which Omnipoint applied.

**WHEREFORE,** Omnipoint respectfully requests the following relief as against the defendants:

1. An expedited review of the matters set forth in this Complaint;
2. An injunction mandating that the Zoning Board grant approval of Omnipoint's request for use and dimensional variances;
3. An injunction and order of mandamus directing the Town, through its officers and agents, to issue a building permit for construction of the tower, antennas, cabinets and enclosure identified in the joint application by Omnipoint and Cingular;
4. A judgment that the defendants' actions violated the Federal Telecommunications Act and are therefore void and invalid;

5. An award of Omnipoint's costs of suit herein, including reasonable attorneys' fees; and

6. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

OMNIPOINT HOLDINGS, INC.

By its attorneys,

Paul Cantor, Esq.
RI Attorney #3177
321 South Main Street, #302
Providence, RI 02903
Telephone: (401) 351-8200
Fax Number: (401) 351-9032

William A. Worth, Esq.
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
Telephone: (617) 456-8000
Fax Number: (617) 456-8100

Date: March 27, 2006