UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED

DEC 05 2006

Property of U.S. District Court
District of Rhode Island

OMNIPOINT HOLDINGS, INC,

Plaintiff,

v.

THE TOWN OF JOHNSTON, THE ZONING BOARD OF REVIEW OF THE TOWN OF JOHNSTON, ANTHONY PILOZZI, JOSEPH ANZELONE, ANTHONY VERARDO, KENNETH AURECHHIA AND ERNEST ACCARDO In their capacities as members of the Town of Johnston Zoning Board of Review

Defendants.

Civil Action No. 06-140-S

**JUDGMENT AND ORDER**

Pursuant to Section 704 of the Telecommunications Act of 1996, codified at 47 U.S.C. § 332(c)(7) (the "TCA"), the parties' Agreement for Judgment filed with this Court, the documents and information submitted in this action, and based on applicable law, the Court finds and orders as follows:

1. That Final Judgment hereby enters in favor of the Plaintiff Omnipoint Holdings, Inc. ("Omnipoint") on Count I of the Complaint, and that the denial of Omnipoint's application for dimensional and use variances (the "Application") violates the TCA in that it is not supported by substantial evidence contained in a written record.

2. That, under Count I of Omnipoint's Complaint, the decision of the defendant the Town of Johnston Zoning Board of Review (the "Board") on Omnipoint's Application,

dated January 26, 2006 ("the "Decision") and filed with the Town Clerk for the Town of Johnston on February 27, 2006 regarding Omnipoint's proposed wireless communications facility ("WCF") to be located at 316 Greenville Avenue, Johnston, RI (the "Site") shall be and hereby is (a) vacated to the extent it denied a request for dimensional and use variances, and (b) amended and modified to grant such variances in accordance with the plans filed with the Board as part of Omnipoint's Application, provided Omnipoint installs a flagpole WCF at the Site, and bears the obligation to maintain said flagpole facility at its sole expense.

3. That, under Count I of Omnipoint's Complaint, the defendant Board shall immediately issue the variances requested by Omnipoint in the Application, and that the Board and the Town shall issue, or cause to be issued, any and all other necessary approvals and permits which the Board and the City are authorized to issue and which are necessary to allow Omnipoint to construct its WCF at the Site without further delay. Pursuant to the TCA and the parties' Agreement for Judgment, Final Judgment hereby further enters inasmuch as there is no just cause for delay for the immediate issuance of the variances by this Judgment alone, and with no other actions, meetings, hearings or decisions being necessary.

5. All claims for costs and fees shall be dismissed with prejudice. Each party shall bear their own costs and fees.

**SO ORDERED:**

WESmith

U.S. DISTRICT JUDGE

DATE: 12/6/06